**Mishcon de Reya**
NEW YORK LLP

156 Fifth Avenue, Suite 904
New York, NY 10010

March 28, 2019

Direct Tel:  212 257-4455
Direct Fax: 212-612-3297
E-mail:     robert.whitman@mishcon.com

<u>Via CM/ECF</u>
Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Maisonneuve v. Caiola*, No. 1:19-cv-02567-NRB

Dear Judge Buchwald:

      This firm represents defendant Benedict Caiola. We request a pre-motion conference in advance of filing a Motion to Dismiss Plaintiff's operative Second Amended Complaint, Dkt. No. 1-6 ("SAC"). Specifically, Mr. Caiola seeks dismissal of Plaintiff's SAC including Plaintiff's: (i) Copyright causes of action (Counts IV and V) pursuant to Rule 12(b)(6) for failure to state a claim because Plaintiff filed her copyright action before registering her copyright; (ii) Fraud cause of action (Count II) pursuant to Rule 12(b)(6) because it is duplicative of, and arises out of the same factual circumstances as, her contract claim, (iii) Breach of Fiduciary Duty cause of action (Count III) pursuant to Rule 12(b)(6) because no fiduciary duty exists between the parties, (v) Declaratory Judgment cause of action (Count VII) on grounds of collateral estoppel because the N.J. District Court determined that the parties' contractual forum selection clause is valid and transferred the case to this Court, and (v) Plaintiff's supplementary state law claims (Counts I-III, VI–VIII) pursuant to 28 U.S.C. § 1367(c)(3) because, without her improper copyright causes of action, the Court has no subject matter jurisdiction over these claims.

### I.      **PRELIMINARY STATEMENT**

      In mid-2017, Plaintiff, an aspiring author, purported to have written a nearly complete manuscript, but claimed to lack the finances to publish and market the purported book. Mr. Caiola offered to finance the book's publishing, and the parties began to negotiate an agreement wherein Mr. Caiola would become an investor to help Plaintiff publish and market the book. Under that agreement ("Investor Agreement") Mr. Caiola would receive a return on his investment from sales of the published book. *See* Dkt. No. 1-6 (SAC), Ex. A at ¶ 4. The parties expected to debut and did debut the book at the Jacob K. Javits Center BookExpo in New York City. *See, e.g.*, Mr. Caiola's Verified Complaint (Dkt. No. 1) in related case 1:18-cv-11646-NRB at ¶¶ 31–32. Mr. Caiola's counsel provided the first draft of the Investor Agreement, which recited that New York law would apply to disputes, and venue was to be in New York City. Plaintiff's counsel responded, suggesting that the agreement be revised to recite New Jersey venue and New Jersey law. The parties ultimately agreed that New York law should apply and venue should be in New York City. *See* Dkt. No. 1-6 (SAC), Ex. A at ¶ 12.

Switchboard:  +1 212 612 3270
Main Fax:     +1 212 612 3297

New York:  Mishcon de Reya New York LLP
London:    Mishcon de Reya Solicitors

A list of partners is available for
inspection at the above address

Plaintiff thereafter accepted Mr. Caiola's funding, up to and including delivery of printed, hard-copies of the book. Plaintiff proceeded to sell the books and pocket all revenues. On June 26, 2018, when Plaintiff was to start repaying Mr. Caiola for his investment, and despite the parties' New York forum selection clause, Plaintiff filed a complaint in the Superior Court of New Jersey in Union County ("N.J. State Court"), alleging breach of the Investor Agreement and fraud, and setting forth argumentative and inflammatory allegations, all to camouflage the simple fact that Plaintiff defrauded Mr. Caiola of tens of thousands of dollars. *See* Dkt. No. 1-3. On August 10, 2018, Plaintiff filed an Amended Complaint in N.J. State Court adding federal copyright claims pursuant to 17 U.S.C. § 501. *See* Dkt. No. 1-5. On August 24, 2018, Plaintiff filed her operative SAC in N.J. State Court, adding additional false and argumentative allegations. *See* Dkt. No. 1-6.

Plaintiff refused to transfer the case to New York as required under the Investor Agreement, disregarding controlling precedent regarding forum selection clauses (*Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 59 (2013)). Mr. Caiola was thus forced to remove the case to the U.S. District Court for the District of New Jersey (in light of Plaintiff's federal copyright claims), and moved to dismiss or in the alternative to transfer venue to the U.S. District Court for the Southern District of New York. *See* Dkt. Nos. 3, 27. Plaintiff opposed transfer, arguing without support that New Jersey "public policy" purportedly precluded enforcement of the expressly negotiated forum selection clause. *See* Dkt. Nos. 11, 28, 29 at pp. 5–7. The Honorable Michael Vazquez of the District of New Jersey rejected that argument and transferred the case to this Court, stating that Plaintiff "[did] not provide[] any authority" and that Plaintiff failed to show any federal public policy considerations to invalidate the forum selection clause. *See* Dkt. No. 29 at p. 5.

On June 12, 2018, Plaintiff applied for copyright registration as an author of text in the book. On August 28, 2018, the U.S. Copyright Office registered Plaintiff's copyright as an author of text in the book and issued to her Copyright Registration No. TX0008591581. *See* Declaration of Kristi Keiser ("Keiser Decl."), attached hereto as Exhibit A, at ¶ 3. In July and August 2018, Mr. Caiola sought copyright registrations as a co-author of text in the book, for certain artwork used on the cover of and inside the book, and for promotional photographs. On December 13, 2018, after his copyright registrations issued, Mr. Caiola filed his Complaint against Plaintiff alleging copyright infringement. *See* Keiser Decl. at ¶ 4; Mr. Caiola's Verified Complaint (Dkt. No. 1) in related case 1:18-cv-11646-NRB.

## II.     ARGUMENT

### A.     Plaintiff's Copyright Causes of Action (Counts IV and V) Should Be Dismissed Because She Filed Them Before Her Copyright Was Registered

Pursuant to 17 U.S.C. § 411(a) "no civil action for infringement of the copyright . . . shall be instituted until preregistration or registration of the copyright claim has been made . . . ." *See also Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019) (holding that "'registration . . . has been made' within the meaning of 17 U.S.C. §411(a) . . .

when the Register has registered a copyright after examining a properly filed application"). Failure to obtain a registered copyright prior to filing an action for infringement shall result in dismissal of that infringement action. *See id.*

The U.S. Copyright Office registered Plaintiff's copyright registration on August 28, 2018. *See* Ex. A, Keiser Decl., at ¶ 3. Plaintiff, however, filed her copyright claims as part of her First Amended Complaint on August 10, 2018 and filed her SAC on August 24, 2018. *See* Dkt. Nos. 1-5, 1-6. Because Plaintiff filed her copyright claims before the Register registered her copyright, her claims for "Breach of Copyright" and Declaratory Judgment of Copyright (Counts IV and V) must be dismissed. *See Fourth Estate Public Benefit Corp.*, 139 S. Ct. at 892.

### B. Plaintiff's Fraud Claim (Count II) Duplicates Her Breach Of Contract Claim

A breach of contract will not give rise to a fraud claim unless a legal duty independent of the contract itself has been violated. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012); *see also Cronos Grp. Ltd. v. XComIP, LLC*, 156 A.D.3d 54, 62 (1st Dep't 2017) ("[A] fraud claim is not stated by allegations that simply duplicate, in the facts alleged and damages sought, a claim for breach of contract, enhanced only by conclusory allegations that the pleader's adversary made a promise while harboring the concealed intent not to perform it."). "Such a legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent on the contract." *Bayerische*, 692 F.3d at 58. Where a fraud claim seeks the same benefit sought under a contract claim, the fraud claim is duplicative of the contract claim and must be dismissed. *See id.*; *see also Cronos Grp. Ltd*, 156 A.D.3d at 63–64 ("This Court has held numerous times that a fraud claim that 'ar[ises] from the same facts [as an accompanying contract claim], s[eeks] identical damages and d[oes] not allege a breach of any duty collateral to or independent of the parties' agreements' is subject to dismissal as 'redundant of the contract claim.'" (citation omitted)).

Plaintiff's breach of contract claim alleges that Mr. Caiola's "use of the funds in the bank account for his personal expenses breached [his] promise in the Investor Agreement that the funds deposited in the bank account were 'for the sole purpose of funding the Project.'" Dkt. No. 1-6 at ¶ 163. Plaintiff's fraud claim contends that Mr. Caiola "use[d] the funds in the bank account for his own personal benefit," which is an alleged violation of the same contractual duty alleged in her breach of contract claim. *See id.* at ¶ 173. Since Plaintiff's fraud claim fails to assert any legal duty independent from the contractual duty of using the funds in the bank account "for the sole purpose of funding the Project," it must be dismissed as duplicative.

### C. Plaintiff's Claim For Breach Of Fiduciary Duty (Count III) Should Be Dismissed Because No Fiduciary Duty Exists Between The Parties

The elements of a claim for a breach of a fiduciary obligation are: "(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 207 (2d Cir. 2018) (citation omitted). Where parties deal at arm's length in a commercial transaction, no relation of confidence or trust

sufficient to find the existence of a fiduciary relationship arises absent extraordinary circumstances. *Henneberry v. Sumitomo Corp. of Am.*, 532 F. Supp. 2d 523, 550 (S.D.N.Y. 2007). When this first element is not met, dismissal of the claim is appropriate. *B & M Linen, Corp. v. Kannegiesser, USA, Corp.*, 679 F. Supp. 2d 474, 479–480 (S.D.N.Y. 2010).

The Investor Agreement does not use the word "fiduciary," and the SAC does not allege any term in the Investor Agreement that would imply an intent to create a fiduciary relationship between the parties. Nor does the SAC allege any extraordinary circumstances that would impose a fiduciary relationship in this arm's length commercial transaction. The SAC merely alleges that Mr. Caiola "intended to act, and knew he was acting in a fiduciary capacity" for Plaintiff, that Mr. Caiola, "as an attorney providing legal advice and counseling, adopted a position superior and dominant" to Plaintiff, "to whom he was a fiduciary, and that Plaintiff's "confidence and trust" in Mr. Caiola "imposed on [him] a fiduciary duty to act for the benefit of the Project." Dkt. No. 1-6 at ¶¶ 185, 187, and 188. Allegations of Plaintiff's reliance on Mr. Caiola are not sufficient to create a fiduciary relationship. *See Boley v. Pineloch Assocs., Ltd.*, 700 F. Supp. 673, 681 (S.D.N.Y. 1988) ("Allegations of reliance on another party with superior expertise, standing by themselves, will not suffice" to create a fiduciary relationship.). To the contrary, the Investor Agreement is an arm's length transaction between two parties and therefore there is no fiduciary duty, and the undisputed facts establish that no special circumstances exist that would give rise to a fiduciary relationship between the parties. As there is no fiduciary relationship between the parties, the Court must dismiss Count III.

### D. Collateral Estoppel Mandates Dismissal of Plaintiff's Claim For Declaratory Judgment Invalidating The Forum Selection Clause

The doctrine of collateral estoppel—or issue preclusion—bars a party from relitigating an issue that the party previously litigated and lost. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979); *see also Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 505 (S.D.N.Y. 2016). For collateral estoppel to apply, four elements must be satisfied: "(1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits." *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 45 (2d Cir. 1986). A court may dismiss a claim on collateral estoppel grounds on a motion to dismiss. *Graham*, 156 F. Supp. 3d. at 505; *see also Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (*affirming* a Rule 12(b)(6) dismissal on res judicata grounds).

Here, there is no question that Plaintiff's claim for Declaratory Judgment Invalidating the Forum Selection Clause (Count VII) is identical to the issue litigated in the District of New Jersey. *Compare* Dkt. 1-6 at Count VII with Dkt. No. 29 at p. 6 ("Plaintiff has not met her burden of overcoming the presumed validity of the [forum selection] clause. The Court finds that the forum selection clause is valid and transfers the case to the Southern District of New York."). Second, the issue was actually litigated—the parties fully briefed and argued the issue, before Judge Vasquez. *See, e.g.,* Dkt. Nos. 3, 11, 12, 21, 22, 27, and 28. Third, there was full

and fair opportunity for litigation of the issue in the District of New Jersey. *Id.* Fourth, Judge Vasquez issued a final judgment ruling that the venue provision in the Investor Agreement was valid and enforceable, ending the proceedings on the merits. Dkt. Nos. 29–30. Judge Vazquez found no reason to invalidate the forum selection clause in the Investor Agreement, found it to be valid and enforceable as written, and transferred the case to this Court. Dkt. No. 29 at pp. 5–7. Because the elements have been satisfied, the doctrine of collateral estoppel applies and the Court should dismiss Count VII. *See Graham*, 156 F. Supp. 3d. at 505.

### E. Plaintiff's Non-Copyright State Law Claims Should Be Dismissed

In a civil action in which a district court has original jurisdiction, a district court shall have supplemental jurisdiction over all other related claims that form part of the same case or controversy. 28 U.S.C. § 1367(c)(3). Where a district court dismisses the only claims over which it has original jurisdiction, and a separate related case is currently pending between the parties, the district court should dismiss all remaining state law claims. *See Klien & Co. Futures, Inc. v. Bd. Of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006). As explained, Plaintiff's copyright claims (Counts IV and V) must be dismissed because they were filed prior to the registration of her copyrights. Once Counts IV and V are dismissed, the Court would have dismissed all of the claims over which it has original jurisdiction. *See* Dkt. No. 1-6 (SAC) at pp. 20–29. All other counts are supplemental state law claims and should be dismissed for lack of jurisdiction. *See Klien & Co. Futures*, 464 F.3d at 262.

Moreover, Mr. Caiola has an action pending in this Court that he filed on December 13, 2018, pre-dating the instant action by more than three months. *See* 1:18-cv-11646-NRB. Accordingly, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims, which could be asserted as counterclaims in Mr. Caiola's action.

### III. CONCLUSION

For the reasons set forth herein, defendant respectfully requests that the Court: (i) dismiss Counts II through V and VII of the Complaint, with prejudice, pursuant to Rule 12(b)(6); (ii) dismiss all supplemental state court claims alleged in the Complaint (Counts I–III and VI–VIII); and (iii) grant him such other and further relief as the Court deems just and proper.

Sincerely,

*/s/ Robert A. Whitman*

Robert A. Whitman

Attachment (Keiser Decl.)

cc: Ryan J. Cooper, Esq.
Vincent Filardo, Jr., Esq.

5